

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Emma Spiro*  *970 Broad Street, Suite 700*  *Phone: 973-645-2708*
*Assistant United States Attorney*  *Newark, New Jersey 07102*  *Facsimile: 973-645-4546*

January 18, 2023

Bruce S. Rosen, Esq.
210 Park Avenue, Suite 301
P.O. Box 240
Florham Park, NJ 07932
(973) 635-6300
brosen@marc-law.com

      Re: <u>Plea Agreement with Keven Auston</u>

Dear Mr. Rosen:

  This letter sets forth the plea agreement between your client, KEVEN AUSTON ("K. AUSTON"), and the United States Attorney for the District of New Jersey ("this Office"). **The Government's offer to enter into this plea agreement expires on January 25, 2023**.

<u>Charge</u>

  Conditioned on the understandings specified below, this Office will accept a guilty plea from K. AUSTON to a Superseding Information, which charges him with one count of: knowingly and intentionally conspiring with others to distribute, and possess with the intent to distribute fentanyl, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), in violation of Title 21, United States Code, Section 846.

  If K. AUSTON enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against K. AUSTON for his role in a conspiracy to distribute fentanyl from approximately September 2019 through December 2019. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, K. AUSTON agrees that any dismissed charge and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by K. AUSTON may be commenced against him, notwithstanding the expiration of the limitations period after K. AUSTON signs the agreement.

Sentencing

The violation of 21 U.S.C. § 846 charged in the Superseding Information carries a statutory maximum prison sentence of 20 years, and carries a statutory maximum fine equal to the greater of: (1) $1,000,000; or (2) twice the gross profits or other proceeds to K. AUSTON. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon K. AUSTON is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence K. AUSTON ultimately will receive.

Further, in addition to imposing any other penalty on K. AUSTON, the sentencing judge: (1) will order K. AUSTON to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order K. AUSTON to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 21 U.S.C. § 853 of: (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation, and (b) any property used, or intended to be used, in any matter or part, to commit, or to facilitate the commission of, such violation; and (4) may deny K. AUSTON certain statutorily defined benefits pursuant to 21 U.S.C. §§ 862 and 862a.

Pursuant to 21 U.S.C. § 841, the sentencing judge must require K. AUSTON to serve a term of supervised release of at least 3 years. This term will begin at the expiration of any term of imprisonment imposed. Should K. AUSTON be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, K. AUSTON may be sentenced to not more than two years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on K. AUSTON by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of K. AUSTON's activities and relevant conduct with respect to this case.

Stipulations

This Office and K. AUSTON agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or K. AUSTON from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and K. AUSTON waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

K. AUSTON agrees that as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, he will forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in the Superseding Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses.

K. AUSTON waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of a Consent Judgment of Forfeiture that will be final as to the defendant prior to the defendant's sentencing. K. AUSTON understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise his of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of K. AUSTON's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon his in addition to forfeiture. K. AUSTON hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

K. AUSTON understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making his deportable, excludable, or inadmissible, or ending his naturalization. K. AUSTON understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. K. AUSTON wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. K. AUSTON understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, K. AUSTON waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

      This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

      This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against K. AUSTON. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against K. AUSTON.

      No provision of this agreement shall preclude K. AUSTON from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that K. AUSTON received constitutionally ineffective assistance of counsel.

No Other Promises

      This agreement constitutes the plea agreement between K. AUSTON and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER  
United States Attorney

By: *Emma Spiro*  
EMMA SPIRO  
Assistant U.S. Attorney

APPROVED:

*[signature: James Donnelly]*

_____  
JAMES DONNELLY  
Chief, Organized Crimes and Gangs Unit

I have received this letter from my attorney, Bruce Rosen, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 1-24-2023
Keevin Auston

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

s/Bruce Rosen                            Date: 01/25/2023
_____
Bruce Rosen, Esq.

Plea Agreement with K. AUSTON

Schedule A

1. This Office and K. AUSTON recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and K. AUSTON nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence K. AUSTON within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and K. AUSTON further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

**Base Offense Level Calculations**

3. The applicable guideline is U.S.S.G. § 2D1.1. This guideline carries a Base Offense Level of 30 because the offense involved at least 400 grams but less than 1.2 KG of fentanyl. *See* U.S.S.G. § 2D1.1(c)(5).

**Chapter Three Adjustments**

4. K. AUSTON was a minor participant in the criminal activity, which results in a decrease of 2 levels. *See* U.S.S.G. § 3B1.2(b). Accordingly, the total offense level is 28.

**Acceptance of Responsibility**

5. As of the date of this letter, it is expected that K. AUSTON will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and K. AUSTON's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3.

6. As of the date of this letter, it is expected that the defendant will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in the defendant's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) the defendant enters a plea pursuant to this agreement, (b) this Office in its discretion determines that the

defendant's acceptance of responsibility has continued through the date of sentencing and the defendant therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) the defendant's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

## The Statutory Safety Valve

7. Pursuant to the change in law effected by Section 402(b) of the First Step Act of 2018 (the "Act"), K. AUSTON may be eligible for the relief set forth in 18 U.S.C. § 3553(f) (the "Statutory Safety Valve"). That is because the Act, which became effective on December 21, 2018, broadens the class of defendants who are eligible to receive relief under the Statutory Safety Valve.

8. Within the meaning of 18 U.S.C. § 3553(f)(2) and U.S.S.G. § 5C1.2(a)(2), K. AUSTON did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

9. Within the meaning of 18 U.S.C. § 3553(f)(3) and U.S.S.G. § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

10. As of the date of this letter, within the meaning of 18 U.S.C. § 3553(f)(4) and U.S.S.G. § 5C1.2(a)(4), K. AUSTON was not an organizer, leader, manager, or supervisor of others in the offenses, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

11. Whether K. AUSTON meets the criterion set forth in U.S.S.G. §§ 5C1.2(a)(1) and (a)(5) has not yet been determined.

12. If the Court finds that K. AUSTON meets the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5), the Court may impose a sentence without regard to any statutory mandatory-minimum sentence that might otherwise be applicable to any controlled substance offenses charged in this case. If the Court determines that K. AUSTON does not meet the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5), the Court must impose a sentence subject to any applicable statutory mandatory-minimum sentence.

13. The United States Sentencing Commission has not yet amended the corresponding provision of the United States Sentencing Guidelines—U.S.S.G. § 5C1.2—to conform that provision to the Statutory Safety-Valve. If K. AUSTON has more than 1 criminal history point, as determined under the Guidelines before the application of subsection (b) of § 4A1.3, he would not satisfy U.S.S.G.

§ 5C1.2(a)(1) and would not qualify for the two-level reduction in offense level specified in U.S.S.G. § 2D1.1(b)(18).

14. If, at the time of sentencing, the Court determines that K. AUSTON meets the criteria set forth in the safety valve provisions in 18 U.S.C § 3553(f)(1)–(5) and U.S.S.G § 5C1.2(a)(2)–(5), this Office will move for a two-level downward variance pursuant to 18 U.S.C. § 3553(a).  Doing so would give K. AUSTON the benefit now of any later conforming amendment to U.S.S.G. § 5C1.2.  If this Office so moves, K. AUSTON shall not seek a reduced sentence pursuant to 18 U.S.C. § 3582(c) in the event that after K. AUSTON is sentenced in this case, the Sentencing Commission amends U.S.S.G. § 5C1.2(a)(1) to conform it to the current version of 18 U.S.C. § 3553(f)(1) and makes that amendment retroactive.

15. In accordance with the above, the parties agree that:

(a) if the Court finds, pursuant to U.S.S.G. § 5C1.2, that K. AUSTON meets the criteria currently in U.S.S.G § 5C1.2(a)(1)–(5), K. AUSTON will be entitled to a 2-level reduction in his offense level pursuant to U.S.S.G. § 2D1.1(b)(18), with the result that the total Guidelines offense level applicable to K. AUSTON will be 23;

(b) otherwise, the total Guidelines offense level applicable to K. AUSTON will be 25 (collectively, the "agreed total Guidelines offense level"), subject to any applicable statutory mandatory minimum.

16. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.  The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

17. K. AUSTON knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 27.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 25.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred

in doing so. None of these provisions, however, shall preclude K. AUSTON from pursuing, when permitted by law, an appeal, collateral attack, writ, or motion claiming that K. AUSTON's guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

18. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    a. Any proceeding to revoke the term of supervised release.

    b. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    c. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).